UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:08-CR-00082-BR
NO: 5:11-CV-00021-BR

| ANTWON DEMETRIUS PEACOCK | ) | |
|---|---|---|
| | ) | |
| | ) | |
| V. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 4 August 2008 and pursuant to a plea agreement, petitioner pled guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and possession of a firearm by a convicted felon. By judgment entered 5 December 2008, the court sentenced petitioner to a 205-month term of imprisonment, among other things. Petitioner did not appeal. Therefore, his judgment of conviction became final ten days after judgment was entered, 19 December 2008. See Clay v. United States, 537 U.S. 522, 524-25 (2003) (conviction becomes final after time period to appeal or seek review has concluded); Fed. R. App. P. 4(b)(1)(A) (2008) (ten-day period to appeal criminal judgment); Fed. R. App. P. 26(a) (2008)

(with time periods of ten days, weekends and holidays do not count in the calculation).[1] The instant petition was filed on 14 January 2011. Based upon the record, and as discussed below, the court finds that the petition must be dismissed.

A one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That limitations period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

As noted above, petitioner's judgment became final on 19 December 2008. Petitioner had one year from this date within which to file a § 2255 petition. He did not do so, missing the deadline by more than one year. Thus, the petition is untimely under § 2255(f)(1).

On the approved §2255 form petitioner filed, question 18 reads: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Petitioner responded:

> The conviction in this case (5:08 cr-82-BR), stands wherein a substantial violation of Movant's legal rights, Constitutional rights, and Human rights have resulted in a fundamental miscarriage of

---

[1] Since entry of the judgment here, the cited rules have been amended. The appeal period is now fourteen days, Fed. R. App. P. 4(b)(1)(A) (2009), and weekends and holidays are now included in the time period calculation, id. 26(a)(1)(B) (2009).

> justice which the law provides a remedy pursuant to 28 U.S.C §2255.
>
> Movant asserts the standing to invoke the jurisdiction of this court as the Asst. U.S. Attorney Imelda J. Pate for the Eastern District of North Carolina, Western Division, with other law enforcement officers that will be named hereafter have contributed, in violation of Federal and Criminal Statutes to substantiate a conviction of Movant wherein Movant continuously suffers injury in fact as a result of the violation of the Constitution and laws of the United States.
>
> Movant will provide material facts to substantiate Movant's claim, in addition, show legal prejudice where the court lacked the jurisdiction of the subject matter to enter a judgement in this case. Furthermore, where a violation of the Constitutions 4th, 5th, and 6th Amendments has resulted in a fundamental miscarriage of justice.
>
> Movant respectfully request of this Honorable Court, according to the Constitutions Article I, §9, cl. 2, to afford Movant "one full bite" of an initial post conviction attack where the law provides this remedy to redress injury in fact and the fundamental miscarriage of justice due to the misconduct of law enforcement officers and the Asst. U.S. Attorney Imelda J. Pate in this case.

(Pet. at 11 (errors in original).) In his prayer for relief, petitioner continues, "Movant respectfully request[s] of this court to grant Movant an opportunity for initial review to substantiate where Movant suffers injury in fact as a result of misconduct, despite untimeliness of motion." (Id. at 12.)

This explanation does not identify any governmental action which prevented petitioner from filing the petition earlier, and therefore, timeliness under § 2255(f)(2) is not an issue. In addition, petitioner's claims– lack of subject matter jurisdiction, ineffective assistance of counsel, and illegality of his plea agreement– do not implicate any newly recognized, retroactively applicable right under § 2255(f)(3) to thereby make the petition timely. Morever, those claims are based on facts of which petitioner was or should have been aware by the time this court sentenced him in 2008, and thus § 2255(f)(4) does not help petitioner. While § 2255's

3

one-year limitation period is subject to equitable tolling, see United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000), petitioner has not provided any grounds to warrant such relief.

Specifically with regard to petitioner's lack of subject matter jurisdiction claim and the reference to jurisdiction in his explanation for untimeliness, the court recognizes the general proposition that subject matter jurisdiction can be raised at any time throughout a proceeding, even for the first time on appeal. United States v. Beasley, 495 F.3d 142, 147 (4th Cir. 2007). However, the court is not aware of any authority in this Circuit that stands for the proposition that one can challenge subject matter jurisdiction in a collateral attack on a conviction irrespective of § 2255's statute of limitations. See Dowdy v. Warden, Broad River Corr. Inst., C.A. No. 8:07-1706-PMD, 2008 WL 2462823, *5 (D.S.C. June 13, 2008) (holding statute of limitations under § 2244 applied to state habeas petition despite the petitioner's lack of subject matter jurisdiction claim); Williams v. United States, No. 3:07cv34-02-MU, 2007 WL 529955, *2-3 (W.D.N.C. Feb. 14, 2007) (recognizing the lack of authority and finding that "the petitioner's argument that his Motion to Vacate is timely filed based upon the nature of his challenge [i.e., to subject matter jurisdiction] is feckless").

Finally, the court notes that the Fourth Circuit Court of Appeals has determined that before *sua sponte* dismissal, a habeas petitioner must be given notice and an opportunity to respond to show that the petition is timely or that the circumstances warrant equitable tolling. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). The court finds that petitioner has received sufficient notice and an opportunity to explain any delay in filing on the § 2555 form motion, which form was revised in December 2004 to notify habeas petitioners of the statute of limitations. See Flores v. United States, No. 1:10cv53, 2010 WL 3122666, *2-3 (W.D.N.C.

4

Aug. 9, 2010) (finding no further notice or opportunity for response was required by Hill where it was clear from the petitioner's response on the § 2255 form that he was aware he needed to explain the untimeliness).

The petition is DISMISSED, and the Clerk is DIRECTED to close this case and serve petitioner with a copy of this order. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 28 January 2011.

_____
W. Earl Britt
Senior U.S. District Judge